UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **QUINCY KING**<br>5028 Walnut St.<br>Philadelphia, PA 19139<br><br>  Plaintiff,<br><br>vs.<br><br>**LOWE'S COMPANIES, INC.**<br>1000 Lowes Blvd.<br>Mooresville, NC 28117-8520<br><br>  Defendant. | CIVIL ACTION<br><br>JURY TRIAL DEMANDED<br><br><br>NO. |

## CIVIL ACTION-COMPLAINT

1. Plaintiff is an adult individual residing at the above-captioned address and a citizen of the Commonwealth of Pennsylvania.

2. Defendant is a publicly traded corporation, organized and existing under and by virtue of the laws of the State of North Carolina, with its principle place of business at the above captioned address and a citizen of the State of North Carolina.

3. The matter in controversy exceeds seventy-five thousand dollars ($75,000.00) exclusive of costs and interest, and as the parties are citizens of different states, this Court has jurisdiction pursuant to 28 U.S.C. §1332 (a) (2) and (3).

4. Venue is proper in this Court under 28 U.S.C. §1391 (b) & (c) because jurisdiction is based on diversity of citizenship and defendant is deemed to reside in this district.

5. At all times material hereto, Defendant owned, controlled, possessed and operated a home improvement supply store at 1520 Route 38, Building 10, Lumberton, NJ.

6. On or about October 12, 2016, Plaintiff entered the aforementioned location as a business invitee.

7. While Plaintiff was securing a product to purchase from a shelf, a fire extinguisher fell from the shelving onto Plaintiff's right foot causing injuries more fully set forth below.

8. The incident and resulting injuries were caused by the negligence of Defendant and/or its agents, servants and/or employees and in no manner by any act or omission of Plaintiff.

9. As a result of the negligence of Defendant as set forth below, Plaintiff suffered severe injuries to the bones, muscles, skin, nerves, tendons, ligaments and tissues of his body, including without limitation of the foregoing, tear of the achilles tendon of the right foot, together with other secondary problems and complications the full extent of which is not yet known, and some or all of which may be permanent in nature.

10. As a result of the negligence of Defendant as set forth below, Plaintiff has in the past been prevented and in the future may be prevented and precluded from attending to his normal duties, occupations and avocations, in addition, he has suffered, and may continue to suffer pain, mental anguish, loss of sense of "well-being", inability to engage in his normal activities, and inability to pursue the normal and ordinary pleasures of life.

11. As a result of the negligence of Defendant, Plaintiff has in the past required and may in the future continue to require, hospitalization, medical care and other treatment, and the Plaintiff has in the past incurred and may in the future continue to incur expenses for medicines, hospital, medical care and/or rehabilitative care to attend to, treat, alleviate, minimize and/or cure his condition.

12. The Defendant is responsible for the negligence of its agents, servants and/or employees under the principle of Respondeat Superior.

13. The negligence of Defendant's agents, servants and/or employees consisted of the following:

a) Failing to properly inspect the fire extinguisher and its connection to the shelving;

b) Failing to monitor the placement and use of fire extinguisher in the aforementioned location;

c) Failing to keep fire extinguishers in their proper place;

d) Failing to properly affix the fire extinguisher to the shelving or other fixture;

e) Failing to place the fire extinguisher in a safe place;

f) Failing to warn Plaintiff of the presence of the fire extinguisher in question; and

g) Placing the fire extinguisher in an unsafe location in an unsafe, insecure manner.

14. The negligence of Defendant consisted of the following:

a) Failing to adequately train, instruct, or monitor its employees;

b) Failing to employ sufficient staff to attend the needs of the store and its business invitees;

c) Failing to establish and carry out policies and practices regarding the placement of and manner of securing the fire extinguishers;

d) Failing to maintain its fire extinguishers in safe positions;

e) Failing to prevent the misplacement and inadequate securing of fire extinguishers;

f) Negligent design of its shelving and facility;

g) Negligent selection of fire extinguishers; and

h) Failing to warn Plaintiff of the dangerous condition of its equipment and

facilities.

**WHEREFORE**, Plaintiff demands judgment in his favor and against Defendant for a sum in excess of Seventy-Five Thousand Dollars ($75,000.00), together with lawful interest and costs.

Respectfully submitted,

_____
**AGOSTINO CAMMISA, ESQUIRE**
I.D. No. 19692
TRICHON, CAMMISA & AXELROD, P.C.
1800 JFK Blvd., Suite 400
Philadelphia, PA 19103
Email: acammisa@tcalawyers.com
(215) 575-7600; (Fax) 215-575-7640
Attorney for Plaintiff

## VERIFICATION

I, _Quincy King_, am a plaintiff in this action and hereby verify that the attached _Complaint_ is based on first-hand information and/or information furnished to my counsel and/or obtained by him/her. The language of the document is that of counsel. To the extent that the contents of the documents are based on information furnished to counsel and/or obtained by him/her, the affiant has relied upon counsel in taking this Verification. All statements are founded upon reasonable belief. The Verification is made subject to the penalties of 18 Pa. C.S. Section 4904 relating to unsworn falsification to authorities.

_/s/ Quincy King_

DATE: 4/20/18